```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

PAULA B. BROWN,                    )
                                   )
    Plaintiff,                    )    Civil Action No. 08-500-JMH
                                   )
v.                                 )
                                   )
LEXINGTON-FAYETTE URBAN COUNTY     )
GOVERNMENT DEPARTMENT OF           )    **MEMORANDUM OPINION AND ORDER**
PUBLIC WORKS, et al.,              )
                                   )
    Defendants.                   )
                                   )

                            ** ** ** ** **

This matter is before the Court on Plaintiff's motion to alter or amend the Judgment [Record No. 101] and order granting summary judgment to Defendants. Plaintiff filed this motion under Fed. R. Civ. P. 52(b), but because this action was dismissed at the summary judgment stage, and a trial was not held, the motion is properly considered under Rule 59(e). The response and reply having been filed, this matter is ripe for review.

Plaintiff filed an action against Defendants in this Court for violations of KRS 61.101-103, Kentucky labor law, the First Amendment of the United States Constitution, Section 1 of the Kentucky Constitution, Sections 21-49 of the Lexington-Fayette Municipal Code, Kentucky tort law, Title VII, and 42 U.S.C. § 1983. The undersigned granted Defendants' motion for summary judgment in its Memorandum Opinions and Orders dated March 26, 2010 [Record No. 81] and April 15, 2010 [Record No. 99]. The dismissal was based on several deficiencies, including Plaintiff's failure to prove the

causation element of her Title VII retaliation claim. In the motion which is the subject of this Memorandum Opinion and Order, Plaintiff raises arguments related solely to the prima facie elements of her Title VII retaliation claim. Thus, the Court concludes that Plaintiff is not seeking any action on the other claims this Court dismissed. This Memorandum Opinion and Order, therefore, addresses only the Title VII retaliation claim.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quotation omitted).

Plaintiff makes no claim that there has been a change in intervening law, newly discovered evidence, or that the Judgment imposes manifest injustice. Instead, Plaintiff argues that the Court made a clear error of law in concluding that Plaintiff failed to show a causal connection between her protected activity and the adverse employment action taken against her, and, thus, failed to

make out a prima facie case of Title VII retaliation.

Plaintiff has not shown that the Court made a clear error of law.  The Court previously addressed the purportedly retaliatory actions alleged in Plaintiff's motion to alter, amend or vacate in the Court's Memorandum Opinions and Orders [Record Nos. 81 and 99]. Although "the burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met[,]" the Court stands firm in its finding that Plaintiff has failed to establish a prima facie case for retaliation under Title VII, for the reasons set forth in its prior Memorandum Opinions and Orders [Record Nos. 81 and 99].  *Moon v. Transp. Drivers, Inc.*, 836 F.2d 226, 230 (6th Cir. 1987).  Plaintiff attempts to re-argue the facts of her case here, without legal support to her conclusion that the Court has made a clear error of law.  To the extent Plaintiff has raised any new arguments, those arguments should have been raised in the response to the motion for summary judgment.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d at 374.

Accordingly, and for the reasons stated above, **IT IS ORDERED** that Plaintiff's motion to alter, amend, or vacate the Judgment [Record No. 101] be, and the same hereby is, **DENIED**.

This the 14th day of July, 2010.



Signed By:
Joseph M. Hood
Senior U.S. District Judge